UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 02-22546-CIV-GOLD/SIMONTON

FAYE L. ROTH REVOCABLE TRUST,
by and through its Trustee, et al.,

      Plaintiffs,

vs.

UBS PAINEWEBBER INC., PW ASPEN
MANAGEMENT, L.L.C. PW FUND
ADVISOR, L.L.C. and MARK ADVISORS, et al.,

      Defendants.
_____/

**CLOSED CIVIL CASE**



## ORDER DENYING PLAINTIFFS' MOTION TO TRANSFER CASE AS TO DEFENDANTS MARK ADVISORS, LLC; ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court upon Plaintiffs' Notice of Status and Motion to Transfer **[DE # 187]**. On January 19, 2005, this Court entered an Order Granting Defendant Mark Advisors, LLC's Motion to Dismiss and Supporting Memorandum of Law **[DE # 184]**. In the Order, the Court dismissed Plaintiffs' Third Amended Complaint without prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The parties were granted leave to conduct limited discovery related to the issue of whether personal jurisdiction over Defendant Mark Advisors LLC is appropriate in this Court. The parties were given leave to conduct discovery on this issue until March 7, 2005. **[See DE # 186]**.

Plaintiffs were further required to file a Fourth Amended Complaint on or before March 25, 2005. Plaintiffs failed to file a Fourth Amended Complaint. Instead, Plaintiffs filed a Notice of Status and Motion to Transfer **[DE # 187]** on that date. In the Motion to Transfer, Plaintiffs state that "they have completed discovery on the issue of personal jurisdiction, and as a result thereof do not intend to file a fourth amended complaint against

Mark Advisor L.L.C. [sic] in this Court. Instead, Plaintiffs request that the action as to Mark Advisor L.L.C. only be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1404, 1406 and/or § 1631." (Motion to Transfer at 1). On April 8, 2005, Defendant Mark Advisors filed an Opposition to Plaintiffs' Motion to Transfer and Motion to Dismiss With Prejudice **[DE # 191]**. Defendants UBS Paine Webber, Inc., PW Aspen Management, LLC and PW Fund Advisor, LLC also filed an Opposition to Plaintiff's Notice of Status and Motion to Transfer **[DE # 192]**.

I held a telephonic status conference on Friday, April 15, 2005 to discuss the Motion to Transfer and the responses thereto with the parties. During the telephonic status conference, Plaintiffs' counsel conceded that this Court has no jurisdiction over Defendant Mark Advisors, LLC. Plaintiffs' counsel also acknowledged that there is currently no pending complaint in this case. Still, Plaintiffs' counsel asks the Court to transfer this action as to Mark Advisors to the Southern District of New York. At the telephonic status conference, Plaintiffs asked this Court to vacate its January 19, 2005 Order dismissing the case for lack of personal jurisdiction and instead transfer Plaintiffs' claims against Mark Advisors LLC to the Southern District of New York.

The Eleventh Circuit has established that a "court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). On January 19, 2005, I entered an Order **[DE # 184]** dismissing this case for lack of personal jurisdiction.[1] After conducting discovery on the issue of personal

---

[1] After Plaintiffs filed their Third Amended Complaint, Plaintiffs commenced arbitration proceedings against Defendants UBS Paine Webber, Inc., PW Aspen Management, LLC and PW Fund Advisor, LLC. Accordingly, I entered an order staying Plaintiffs' claims against those Defendants pending a determination in the arbitration proceedings **[DE # 168]**.

jurisdiction, Plaintiffs acknowledged that this Court does not have personal jurisdiction over Defendant Mark Advisors LLC. As this Court lacks personal jurisdiction over Mark Advisors LLC, I cannot take any further action in this case. *See Posner*, 178 F.3d at 1214 n.6. Consequently, I cannot vacate my earlier order dismissing Plaintiff's Third Amended Complaint in order to transfer the action to the United States District Court for the Southern District of Florida. It is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Notice of Status and Motion to Transfer **[DE # 187]** is DENIED.

2. As I had earlier entered a stay as to Plaintiffs' claims against Defendants UBS Paine Webber, Inc., PW Aspen Management, LLC and PW Fund Advisor, LLC **[See DE # 168]** there are no active claims pending at this time. Accordingly, this case is hereby ADMINISTRATIVELY CLOSED pending a determination in the arbitration proceedings between Plaintiffs and Defendants UBS Paine Webber, Inc., PW Aspen Management, LLC and PW Fund Advisor, LLC which are currently pending.

3. Plaintiffs, Defendants UBS Paine Webber, Inc., PW Aspen Management, LLC or PW Fund Advisor, LLC may file a motion to reopen this case after the conclusion of the arbitration proceedings.

**DONE AND ORDERED**, Chambers at Miami, FL, this _18_ day of April, 2005.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

Copies furnished:
U.S. Magistrate Judge Andrea M. Simonton
All counsel of record